# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

**AARON M. BIBLER,**                                        CASE NO. 3:24 CV 1764

     Plaintiff,

     v.                                                            JUDGE JAMES R. KNEPP II

**COMMISSIONER OF SOCIAL SECURITY,**

     Defendant.                                            **MEMORANDUM OPINION AND ORDER**

### INTRODUCTION

Plaintiff Aaron M. Bibler seeks judicial review of an adverse Social Security benefits decision under 42 U.S.C. § 405(g). This case was referred to Magistrate Judge Amanda M. Knapp for a Report and Recommendation ("R&R") under Local Civil Rule 72.2(b)(1). Judge Knapp recommends this Court affirm the Commissioner's final decision. (Doc. 12). Plaintiff filed objections to the R&R (Doc. 13), and the Commissioner filed a response thereto (Doc. 14). For the reasons set forth below, the Court overrules Plaintiff's objections, adopts the R&R, and affirms the Commissioner's decision.

### PROCEDURAL BACKGROUND

Plaintiff filed for disability insurance benefits and supplemental security income in September and October 2021, respectively, alleging a disability onset date of June 19, 2020. *See* Tr. 17, 225-26, 237-38. He later amended this alleged onset date to May 31, 2021. *See* Tr. 37-38. Following the administrative process, an administrative law judge ("ALJ") issued a written decision on June 14, 2024, finding Plaintiff not disabled. (Tr. 17-27). This appeal ultimately followed. (Doc. 1).

Plaintiff raised two arguments regarding the ALJ's decision. First, he argued the ALJ's physical residual functional capacity ("RFC") was unsupported by substantial evidence because it was not based on a medical opinion and because the ALJ failed in her duty to develop the record. *See* Doc. 8, at 10-16. Second, he argued the ALJ failed to reconcile the consultative psychiatric examiner's opinion with the RFC. *See id.* at 16-18.

In her R&R, Judge Knapp concluded Plaintiff had not established the ALJ erred. She recommends the Court affirm the Commissioner's decision. *See* Doc. 12.

## STANDARD OF REVIEW

Under the relevant statute:

> Within fourteen days after being served with a copy [of a Magistrate Judge's R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(2)-(3).

In Social Security cases, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (citation modified). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

2

## DISCUSSION[1]

Plaintiff's objections to this Court track his original assignments of error: one related to the physical RFC determination and one related to the consultative psychological examiner's opinion. Plaintiff first asserts the Magistrate Judge incorrectly concluded the physical RFC was supported by substantial evidence because "the ALJ had no helpful medical guidance in devising the RFC for light work." (Doc. 13, at 1). Second, he  asserts the ALJ erred in not explaining the omission of Dr. Earl's opined restrictions from the RFC. *Id.* The Court addresses Plaintiff's specific objections below.

Physical RFC / Duty to Develop the Record

Plaintiff first objects to the Magistrate Judge's determination that "Plaintiff's hearing representative's failure to obtain medical opinion evidence 'undermines his after-the-fact argument that the ALJ committed error when she did not independently obtain such evidence.'" (Doc. 13, at 1). He contends "the Magistrate Judge does not know the efforts Plaintiffs' hearing representative took to obtain medical opinion evidence as such requests for evidence are often rejected by medical providers" and "a hearing representative cannot know how the ALJ is going to decide the case and whether disability can be found on its own or whether such evidence is needed to inform the ALJ." *Id.* at 2. He further contends the Magistrate Judge relied only on unpublished cases and incorrectly rejected his argument regarding the ALJ's interpretation of raw medical data. *Id.* at 2-4. For the following reasons, the Court overrules Plaintiff's objection.

---

1. Neither party objects Judge Knapp's summary of the medical record. Because the Court incorporates the R&R into this Opinion, it need not repeat Plaintiff's medical history, which was thoroughly described by Judge Knapp.

First, at core, it is Plaintiff's burden to establish disability; this includes the burden of providing the evidence with which to do so. *See Moats v. Comm'r of Soc. Sec.*, 42 F.4th 558, 563 (6th Cir. 2022) ("[T]he ultimate burden of proving entitlement to benefits lies with the claimant."); *Wilson v. Comm'r of Soc. Sec.*, 280 F. App'x 456, 459 (6th Cir. 2008) (stating Sixth Circuit has "repeatedly affirm[ed] that the claimant bears the ultimate burden of proving disability"); 20 C.F.R. § 416.912(a)(1) ("[Y]ou have to prove to us that you are blind or disabled."); 20 C.F.R. § 416.945(a)(3) ("[Y]ou are responsible for providing the evidence we will use to make a finding about your residual functional capacity."). The Court finds no error in the Magistrate Judge's analysis regarding Plaintiff's burden to establish disability or her evaluation of the ALJ's duty to develop the record.

Second, Plaintiff objects to the Magistrate Judge's reliance on unpublished Sixth Circuit opinions in rejecting his arguments regarding the failure to develop the record and the ALJ's alleged interpretation of raw medical data. He contends (as he did to the Magistrate Judge) that medical evidence post-dating to the consultative examination was not evidence the ALJ could interpret without a medical opinion.

While it is true that unpublished decisions from the Sixth Circuit are not binding, they are still persuasive. *See, e.g.*, *Crump v. Lafler*, 657 F.3d 393, 405 (6th Cir. 2011); *United States v. Webber*, 208 F.3d 545, 552 (6th Cir. 2000). And, on *de novo* review, the Court agrees with the Magistrate Judge that they are appropriately considered persuasive here. An RFC is an "administrative finding," and the final responsibility for determining an individual's RFC is reserved to the Commissioner. SSR 96-5p, 1996 WL 374183, at * 1-2. The Sixth Circuit, albeit in unpublished opinions, has repeatedly stated there is no requirement for an ALJ to base the RFC on a particular medical opinion. *See Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir.

2013) (explaining "the ALJ is charged with the responsibility of determining the RFC based on her evaluation of the medical and non-medical evidence" and that "to require the ALJ to base her RFC on a physician's opinion, would, in effect, confer upon the [physician] the authority to make the determination or decision about whether an individual is under a disability") (citation modified); *Mokbel-Aljahmi v. Comm'r of Soc. Sec.*, 732 F. App'x 395, 401-02 (6th Cir. 2018) (rejecting the argument that "once the ALJ decided to give no weight to the physicians' opinions regarding [the plaintiff's] ability to work, the ALJ was required to get the opinion of another physician before setting the residual functional capacity" where the ALJ "undertook a laborious evaluation of the medical record when determining the residual functional capacity, and substantial evidence supports the ALJ's conclusions").

"No bright-line rule exists in our circuit directing that medical opinions must be the building blocks of the residual functional capacity finding, but the administrative law judge must make a connection between the evidence relied on and the conclusion reached." *Tucker v. Comm'r of Soc. Sec.*, 775 F. App'x 220, 226 (6th Cir. 2019). The Court agrees with the R&R that the ALJ appropriately did so here. *See* Doc. 12, at 17-22. The ALJ had a May 2023 physical consultative examination in the record which found Plaintiff had no physical limitations. *See* Tr. 418-19. And the ALJ also had the August 2023 opinion of a state agency consultative physician who concluded Plaintiff had no severe impairments. (Tr. 77-78).

The ALJ found the consultative examiner's opinion "only partially persuasive because the evidence of record[] supports some degree of limtiations due to the claimant's physical impairments, as reflected in the residual functional capacity." (Tr. 25). And in conclusion, she stated:

> I find the objective findings are consistent with, and support a limitation to, light exertional activities. The claimant's back and right knee pain, and possible high

> blood pressure or hepatitis C symptoms, limit him to lifting up to 20 pounds, limit him to standing/walking for 4 hours in an 8-hour workday and prevent him from climbing ladders, ropes or scaffolds. The claimant can frequently stoop, kneel, crouch and crawl, and can occasionally climb ramps/stairs to avoid exacerbating pain or high blood pressure.

*Id.* The final RFC reflected these conclusions. *See* Tr. 22. The ALJ considered all the evidence –

including the evidence to which Plaintiff now points and Plaintiff's subjective complaints – before

reaching this RFC. *See* Tr. 23-25. The Court finds Plaintiff has not demonstrated error.

Third, Plaintiff also specifically objects to the R&R's statement that *Deskin v. Commissioner of Social Security.*, 605 F. Supp. 2d 908, 912 (N.D. Ohio) is not binding on this Court and its subsequent rejection of Plaintiff's argument based thereon. (Doc. 13, at 4) ("[T]he Magistrate Judge calls this case non-binding but it is unclear why."). But district court opinions, even when published, are not binding precedent. *Bridgeport Music, Inc. v. Dimension Films*, 410 F.3d 792, 802 n.16 (6th Cir. 2005) ("[A] district court opinion . . . has no binding precedential value."); *see also Threadgill v. Armstrong World Indus., Inc.*, 928 F.2d 1366, 1371 (3d Cir. 1991) (explaining that "there is no such thing as 'the law of the district,'" such that federal district court opinions would be binding in later cases). And the Magistrate Judge here clearly and correctly explained that the reasoning in *Deskin* has been subsequently criticized by other district court opinions. *See* Doc. 12, at 22-23. On *de novo* review, the Court agrees with and adopts the R&R's analysis on this point.

At base, the Court finds the ALJ did not err and her determination is supported by substantial evidence. Plaintiff's objection to the R&R's evaluation of his physical RFC argument is therefore overruled.

6

Dr. Earl's Opinion

Plaintiff next objects to the Magistrate Judge's determination that the ALJ did not err in her consideration of Dr. Earl's opinion. (Doc. 13, at 4-5). He contends the Magistrate Judge provided an impermissible post-hoc rationale of the ALJ's alleged failure to discuss Dr. Earl's statements or include any mental limitations in the RFC. *Id.* at 5. He further contends the R&R "offers no explanation as to why mild limitations need not be accounted for in the RFC other than the suggestion that a mild limitation is not atypical of a normal worker without citation." *Id.*

Dr. Earl, the consultative psychological examiner, opined Plaintiff had no limitations in several areas of mental functioning. *See* Tr. 427. He further opined Plaintiff had "mild" limitation in the ability to understand and remember complex instructions; interact with peers at work; complete instructions, persist at tasks, and work without supervision; and adapt to changes at work. *Id.* In his accompanying narrative assessment, he stated:

> Additionally, the claimant is likely to have difficulty persisting at tasks and being a dependable employee given the degree of chronic pain, anxiety, and lack of consistent transportation. The claimant would likely require some supervision at any type of work-related activity given their history.

Tr. 426. The ALJ stated she found "persuasive" Dr. Earl's findings of mild to no limitation in mental functioning areas. (Tr. 20). As the R&R identified, the ALJ did not specifically mention the above narrative assessment.

As to Plaintiff's objection that the Magistrate Judge engaged in impermissible post-hoc reasoning or did not otherwise adequately explain why the opined mild limitations need not be included in the RFC, the Court disagrees. First, the Magistrate Judge's analysis simply provided a reasonable, common-sense reconciliation of the narrative statement and the specifically-opined limitations. Upon *de novo* review, the Court agrees with the R&R's analysis that the narrative description, contained within the same record as the opinions regarding plaintiff's mild limitations,

7

does not indicate greater limitations than the mild limitations specifically identified by Dr. Earl. *See* Doc. 12, at 28-29 (finding "no clear conflict between Dr. Earl's opinion findings and the ALJ's conclusion that Mr. Bibler had 'no more than "mild" limitation in any of the [mental] functional areas' (Tr. 21) and adoption of an RFC with no mental limitations (Tr. 22).").[2] Moreover, the ALJ herself found Dr. Earl's opinion persuasive because it was "consistent with the other evidence of record" and, at the end of her Step Two analysis, stated: "[t]he following residual functional capacity assessment reflects the degree of limitation I have found in the 'paragraph B' mental function analysis." (Tr. 21). That is, the ALJ incorporated these Step Two "mild" findings into the RFC analysis such that it can be inferred she found they imposed no limitation. (Tr. 20, 21); *see Napier v. Comm'r of Soc. Sec.*, 127 F.4th 1000, 1007 (6th Cir. 2025) ("Considering the substantial evidence supporting the ALJ's findings that Napier's limitations were no more than mild and the ALJ's repeated statements that it took all of Napier's limitations into account, we hold that the ALJ adequately accounted for Napier's limitations in the residual functional capacity analysis."). The Sixth Circuit in *Napier* found the ALJ's statements that his "residual functional capacity assessment used at steps 4 and 5" reflected the "degree of limitation" the ALJ found at step two "sufficient to demonstrate that the ALJ adequately considered all of a claimant's impairments in formulating a [RFC] analysis." *Id.*.

Because an ALJ is only required to explain why an opinion is not adopted when there is no conflict between the ALJ's RFC and the opinion under SSR 96-8p, and substantial evidence

---

2. By contrast, the caselaw Plaintiff cites to support his argument involves specific opined limitations. *See* Doc. 11, at 4-5 (citing *Funk v. Astrue*, 2012 WL 1095918, at *4-5 (N.D. Ohio) (explaining the relevant opinion reflected "absence-requiring incapacity up to eight days per month") and *Thompson v. Comm'r of Soc. Sec. Admin.*, 2014 WL 356974, at *4 (N.D. Ohio) (explaining the relevant opinions included quota restrictions)).

supports a finding that there is no conflict between Dr. Earl's opinion and the RFC, there is no error here.

Moreover, the ALJ's lack of inclusion of any mental restrictions in the RFC is supported by substantial evidence as set forth in the R&R. *See* Doc. 12, at 29-30. Plaintiff's objection in this regard is overruled.

### CONCLUSION

For the foregoing reasons, Plaintiff's objections are OVERRULED, Judge Knapp's R&R (Doc. 12) is ADOPTED as the Order of this Court, and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: March 13, 2026